IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| RONI DU PREEZ, | ) | CIVIL NO. 14-00171 LEK-RLP |
| Plaintiff, | ) | |
| vs. | ) | |
| RICK BANIS, DON CARANO, FRED SCARPELLO, JOHN MACKALL, ET AL., | ) | |
| Defendants. | ) | |

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND
PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' OPPOSITION TO REMAND**

Before the Court is pro se Plaintiff Roni Du Preez's ("Plaintiff") Motion to Remand ("Motion"), filed on May 8, 2014. [Dkt. no. 7.] Defendants Rick Banis, Don Carano, Fred Scarpello, John Mackall, individually and as Trustees of the Estate of William Pennington, and Western Equities, LLC ("Western," all collectively, "Defendants") filed their memorandum in opposition to the Motion ("Memorandum in Opposition") on May 27, 2014, and an errata thereto ("Errata") on May 29, 2014. [Dkt. nos. 9, 14.] On June 3, 2014, Plaintiff filed a motion to strike the memorandum in opposition to the Motion ("Motion to Strike") and, on or about June 4, 2014, she submitted her reply in support of the Motion ("Reply"). [Dkt. no. 15, 19.] Defendants filed their memorandum in opposition to the Motion to Strike on June 9, 2014. [Dkt. no. 18.] Plaintiff filed a reply in support of her Motion to Strike on June 12, 2014. [Dkt. no. 21.] These matters came

on for hearing on June 16, 2014.  After careful consideration of the motions, supporting and opposing memoranda, and the arguments of counsel, Plaintiff's Motion and Plaintiff's Motion to Strike are HEREBY DENIED for the reasons set forth below.

## BACKGROUND

Plaintiff filed the Complaint in this action on March 20, 2014 in the State of Hawai`i Circuit Court of the Second Circuit.  [Notice of Removal, filed 4/11/14 (dkt. no. 1), Decl. of Andrew J. Lautenbach, Exh. 1 (Complaint).]  The Complaint alleges that Defendants Banis, Carano, Scarpello, and Mackall (collectively, "the Trustee Defendants") are citizens of Nevada, and Western is a Nevada corporation with its "head office" in Nevada.  [Complaint at ¶¶ 2-3.]

The Complaint alleges that, in January 2005, William Pennington hired Plaintiff to be the "House Manager/Housekeeper/ Caretaker" of the residence at 4340 Melianani Drive in Wailea, Maui ("Pennington Residence").  [Id. at ¶ 6.]  According to the Complaint, during the interview process, Plaintiff asked about her job security in light of Mr. Pennington's declining health, and he assured her that he would "'take care of [her] for life,'" even after he passed away.  [Id. at ¶ 21.]  Plaintiff construed this as a "promise of long term job security in the form of a paid monthly salary even after his death" until she reached retirement age or her death,

2

whichever came first. [Id. at ¶¶ 25(A), 28.] Plaintiff also believed that, "[s]hould Mr. Pennington die first, . . . she would receive a lump sum equivalent to her yearly income until retirement age of 65." [Id. at ¶ 29.] Plaintiff accepted the offer of employment based on Mr. Pennington's representations. [Id. at ¶ 25.] Plaintiff also relied on the knowledge that Mr. Pennington had the financial means to honor the agreement. [Id. at ¶ 30.] During her employment, Mr. Pennington reassured her that, as long as she did not get fired, he would take care of her for life. Plaintiff performed all of her duties and was not fired during Mr. Pennington's lifetime. [Id. at ¶ 31.] She also states that she knows of other employees to whom Mr. Pennington gave similar assurances. [Id. at ¶¶ 33-34.]

Mr. Pennington died on May 15, 2011. [Id. at ¶ 36.] Plaintiff was forty-two years old at the time. [Id. at ¶ 29.] Upon his death, Plaintiff believed that the Trustee Defendants would honor the terms of her "contract, oral agreement and implied-in-fact contract reached with Mr. Pennington upon hiring" because neither he nor the Trustee Defendants did anything during her employment to make her believe otherwise. [Id. at ¶ 37.] Defendants, however, sold the Pennington Residence in March 2012. Defendants gave Plaintiff two weeks' notice of the termination of her employment. Further, they did not give her severance pay, refused to negotiate with her about the additional amounts that

she claims she was entitled to, and would not give her an employment reference. [Id. at ¶¶ 38-42.] Plaintiff alleges that this has caused her emotional distress and prevented her from collecting unemployment insurance. [Id. at ¶ 43.]

The Complaint alleges the following claims: breach of contract ("Count I"); "tortious and intentional interference with a contract" ("Count II"); [id. at pg. 11 (emphasis omitted);] "employment at will exception: violation of public policy" ("Count III"); [id. at pg. 13 (emphasis omitted);] "employment at will exception: implied-in-fact contract" ("Count IV"); [id. at pg. 14 (emphasis omitted);] breach of fiduciary duty ("Count V"); promissory estoppel ("Count VI"); fraud ("Count VII"); and "wrongful interference with the expectancy of a nonprobate donative transfer" ("Count VIII") [id. at pg. 17].

The Complaint prays for the following relief: "compensatory damages of lost benefits for the duration of her over 7 years employment[;]" an award of the income and benefits she would have received until age sixty-five, "based upon prior earnings with standard benefits package and standard salary increases[;]" an award of the pension that she would have received upon retirement; $250,000.00 for emotional distress; punitive/exemplary damages of $5,625,500 or another "amount sufficient to punish Defendants and serve as a warning and example to others[;]" reasonable attorneys' fees and costs; and

any other appropriate relief.  [Id. at pg. 18.]

Defendants removed this action on April 11, 2014 based on diversity jurisdiction.  [Notice of Removal at pgs. 4-5.]  The instant Motion followed.

## **STANDARD**

Defendants removed the instant case pursuant to 28 U.S.C. §§ 1332, 1367, 1441 and 1446.  [Notice of Removal at pg. 2.]  Section 1441 provides, in pertinent part:

> (a)  Generally. - Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.
>
> (b)  Removal based on diversity of citizenship. . . .
>
>     (2)  A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

The Ninth Circuit has stated that

> in a case that has been removed from state court to federal court under 28 U.S.C. § 1441 on the basis of diversity jurisdiction, the proponent of federal jurisdiction — typically the defendant in the substantive dispute — has the burden to prove, by a preponderance of the evidence, that removal is proper.  See Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992).  The preponderance of the evidence standard applies because removal jurisdiction ousts state-court jurisdiction and

> "must be rejected if there is any doubt as to the right of removal in the first instance." Id. at 566. This gives rise to a "strong presumption against removal jurisdiction [which] means that the defendant always has the burden of establishing that removal is proper." Id. For these reasons, "[w]e strictly construe the removal statute against removal jurisdiction." Id.

Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka, 599 F.3d 1102, 1106-07 (9th Cir. 2010) (alterations in Geographic Expeditions) (footnote omitted). As a general rule, the existence of removal jurisdiction is determined at the time the removal petition is filed. See, e.g., Allen v. F.D.I.C., 710 F.3d 978, 984 (9th Cir. 2013).

In considering a motion for remand, a district court has the discretion to consider declarations beyond the pleadings. Cf. Saulic v. Symantec Corp., No. SA CV 07-610 AHS (PLAx), 2007 WL 5074883, at *9 (C.D. Cal. Dec. 26, 2007) ("A court may 'require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" (quoting Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 377 (9th Cir. 1997))).

## DISCUSSION

### I. Motion to Strike

Plaintiff asks this Court to strike Defendants' Memorandum in Opposition because: it was untimely; Defendants failed to send her the Memorandum in Opposition and the Errata by email, as defense counsel agreed to do; the acknowledgment in the

6

Errata that she recently filed a workers' compensation claim for a shoulder injury that she allegedly suffered while working at the Pennington Residence on March 6, 2012 ("the Claim") renders a portion of the Memorandum in Opposition "insufficient"; and the Memorandum in Opposition is internally inconsistent, ambiguous, and contains "impertinent, immaterial [and] scandalous matter." [Mem. in Supp. of Motion to Strike at 1-2, 4-5.]

This Court expressly set May 27, 2014 as the deadline for the filing of the memorandum in opposition to the Motion. [Entering Order, filed 5/12/14 (dkt. no. 8).] Thus, Defendants' filing was timely. Defendants admit that counsel agreed on May 28, 2014 to send Plaintiff Defendants' filings by email, but counsel's staff inadvertently failed to send Plaintiff the Errata by email. [Mem. in Opp. to Motion to Strike at 4-5 & n.1.] The Court finds that this does not warrant striking the Memorandum in Opposition because Plaintiff was able to file the Reply and, therefore, she was not prejudiced by any delay in receiving either the Memorandum in Opposition or the Errata.

Plaintiff also relies upon Fed. R. Civ. P. 12(f), which states, in pertinent part: "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Rule 12(f) is inapplicable because the Memorandum in Opposition is not a pleading. Plaintiff is correct that a court can strike a party's filings

7

pursuant to the court's inherent powers.  See, e.g., Ready Transp., Inc. v. AAR Mfg., Inc., 627 F.3d 402, 404 (9th Cir. 2010).  This Court, however, finds that there is no ground to strike the Memorandum in Opposition because Plaintiff's Motion to Strike essentially expresses her disagreement with Defendants' arguments in the Memorandum in Opposition.  This Court therefore DENIES Plaintiff's Motion to Strike.

## II. Motion to Remand

### A. Diversity Jurisdiction

Plaintiff first argues that removal was improper because there is no diversity jurisdiction in this case.  She does not contest that the amount in controversy requirement is satisfied, but she argues that Western is a Hawai`i citizen for purposes of diversity jurisdiction.  Thus, she contends that complete diversity is lacking.  See In re Digimarc Corp. Derivative Litig., 549 F.3d 1223, 1234 (9th Cir. 2008) ("Diversity jurisdiction requires complete diversity between the parties - each defendant must be a citizen of a different state from each plaintiff." (citation omitted)).  If Western was a Hawai`i citizen at the time of removal, removal would also be improper based on the "forum defendant rule."  See Lively v. Wild Oats Mkts., Inc., 456 F.3d 933, 939 (9th Cir. 2006) (stating that the "forum defendant rule" "confines removal on the basis of diversity jurisdiction to instances where no defendant is a

8

citizen of the forum state" (citing 28 U.S.C. § 1332; 28 U.S.C. § 1441(b)).

Western is a limited liability company ("LLC"), and the William N. Pennington Separate Property Trust ("the Pennington Trust") is its only member. [Notice of Removal at pg. 5.] In the Motion, Plaintiff argues that Western's principal place of business is Hawai`i. Even assuming, *arguendo*, that this was true, Western's principal place of business is irrelevant because Western is not a corporation. See § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business"). "[A]n LLC is a citizen of every state of which its owners/members are citizens." Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006). Thus, Western is a citizen of every state of which the Pennington Trust is a citizen. "A trust has the citizenship of its trustee or trustees." Id. (citing Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 464, 100 S. Ct. 1779, 64 L. Ed. 2d 425 (1980)). The Trustee Defendants are the only trustees of the Pennington Trust. [Mem. in Opp., Decl. of David J. Morandi ("Morandi Decl.") at ¶ 5.] Because Defendants Banis, Carano, and Scarpello are citizens of Nevada, and Defendant Mackall is a citizen of California, [Notice of Removal at pg. 4,] the Pennington Trust, and therefore Western, are citizens of Nevada

and California.

Plaintiff is a citizen of Hawai`i for jurisdictional purposes. [Complaint at ¶ 1.] Because Defendants are all citizens of Nevada or California, there is complete diversity of citizenship. This Court therefore concludes that, at the time of removal, there was diversity jurisdiction over the instant case.

**B.  Workers' Compensation**

Plaintiff also argues that removal was improper because this was a nonremovable action pursuant to 28 U.S.C. § 1445(c). Section 1445 describes actions that are not subject to removal, including "[a] civil action in any State court arising under the workmen's compensation laws of such State." § 1445(c). The removal of a workers' compensation action, in violation of § 1445(c), constitutes a defect in removal for purposes of 28 U.S.C. § 1447(c). Kamm v. ITEX Corp., 568 F.3d 752, 756 (9th Cir. 2009).

Hawaii's workers' compensation laws, Haw. Rev. Stat. Chapter 386, have a "broad humanitarian purpose." Van Ness v. State, Dep't of Educ., 131 Hawai`i 545, 558, 319 P.3d 464, 477 (2014) (citation and quotation marks omitted). They "were enacted as a humanitarian measure, to create legal liability without relation to fault. They represent a socially enforced bargain: the employee giving up his right to recover common law damages from the employer in exchange for the certainty of a

10

statutory award for all work-connected injuries." Id. (citation and quotation marks omitted).

The crux of Plaintiff's Complaint is that Defendants failed to honor Mr. Pennington's contract/agreement that, if he died during her employment, she would either continue to receive a monthly salary or receive a lump sum payment. The Complaint does not allege that she suffered a work-related injury. The shoulder injury that is the basis of the Claim is not mentioned in the Complaint. Plaintiff's contract-based claims, fiduciary duty claim, promissory estoppel claim, fraud claim, and donative transfer claim clearly do not arise under Hawaii's workers' compensation laws. The only remaining claim is Count III, titled "employment at will exception: violation of public policy." [Complaint at pg. 13 (emphasis omitted).]

This district court has recognized that Haw. Rev. Stat. § 378-32(a)(2) retaliatory discharge claims arise under Hawaii's workers' compensation laws and are nonremovable pursuant to § 1445(c). See Engleman v. Knudsen Corp., No. 89-00965 ACK, 1990 WL 279508, at *3 (D. Hawai`i June 29, 1990); Hummel v. Kamehameha Sch./Bernice Pauahi Bishop Estate, 749 F. Supp. 1023, 1028 (D. Hawai`i 1990)). The alleged retaliatory discharges in Engleman and Hummel, however, were for work-related injuries. Plaintiff does allege that she was wrongfully terminated. However, even construing the Complaint liberally because Plaintiff is

11

proceeding pro se, see Allen v. Gold Country Casino, 464 F.3d 1044, 1048 (9th Cir. 2006) (stating that the pro se plaintiff's pleadings "must be liberally construed" (citation omitted)), Count III does not allege that she was terminated in retaliation for a work-related injury.

Count III apparently alleges a claim pursuant to Parnar v. Americana Hotels, Inc., 65 Haw. 370, 652 P.2d 625 (1982), which established a "public policy exception" to the at-will employment doctrine, but Parnar claims cannot be based on discharges for a work related injury. See, e.g., Souza v. Silva, Civil No. 12-00462 HG-BMK, 2014 WL 2452579, at *15 (D. Hawai`i May 30, 2014) (citing Takaki v. Allied Machinery Corp., 87 Hawai`i 57, 951 P.2d 507, 514 (Haw. App. 1998)).

This Court concludes that none of Plaintiff's claims arise under Hawaii's workers' compensation laws, and therefore § 1445(c) is inapplicable to the instant case. Defendants' removal of this action was proper.

## CONCLUSION

On the basis of the foregoing, Plaintiff's Motion to Remand, filed May 8, 2014, and Plaintiff's Motion to Strike Defendants' Opposition to Remand, filed June 3, 2014, are HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, June 25, 2014.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**RONI DU PREEZ VS. RICK BANIS, ET AL; CIVIL NO. 14-00171 LEK-RLP; ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' OPPOSITION TO REMAND**