IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| RONI DU PREEZ, | ) | CIVIL NO. 14-00171 LEK-RLP |
| Plaintiff, | ) | |
| vs. | ) | |
| RICK BANIS, DON CARANO, FRED SCARPELLO, JOHN MACKALL, ET AL., | ) | |
| Defendants. | ) | |

**ORDER DENYING PLAINTIFF'S COMBINED MOTION**
**TO STRIKE & FOR MORE DEFINITE STATEMENT**

On April 17, 2014, Defendants Rick Banis, Don Carano, Fred Scarpello, John Mackall, individually and as Trustees of the Estate of William Pennington, and Western Equities, LLC ("Defendants") filed their Motion to Dismiss. [Dkt. no. 5.] The Motion to Dismiss is set for hearing on September 22, 2014. Currently before the Court is pro se Plaintiff Roni Du Preez's ("Plaintiff") Combined Motion to Strike & for More Definite Statement ("Motion to Strike"), filed on July 7, 2014. [Dkt. no. 34.] The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the Motion to Strike and the relevant legal authority, Plaintiff's Motion to Strike is HEREBY DENIED for the reasons set forth below.

**DISCUSSION**

I. **Format of the Motion to Dismiss**

Plaintiff first argues that this Court should strike Defendants' Motion to Dismiss because it does not comply with Local Rule 7.5 and Local Rule 10.2(a). Local Rule 7.5 states, *inter alia*:

> (a) Unless the court orders otherwise, a brief or memorandum in support of or in opposition to any motion, petition, or appeal, including one filed by a *pro se* party, shall not exceed thirty (30) pages in length, unless it complies with LR7.5(b) and (e).
>
> (b) A brief or memorandum in support of or in opposition to a motion, petition, or appeal may exceed the page limitation in LR7.5(a) if it contains no more than 9,000 words.
>
> . . . .
>
> (e) A brief or memorandum submitted under LR7.5(b) . . . must include a certificate by the attorney or a *pro se* party that the document complies with the applicable word limitation. This certificate shall state the font and the font size used in a typed or computer-generated document, and the number of words contained in the document, whether typed, computer-generated, or handwritten. The person preparing the certificate may rely on the word count of the word-processing system used to produce the document. The certificate must state the number of words in the document.

Plaintiff argues that, because the Memorandum in Support of the Motion to Dismiss ("Dismissal Memorandum") is more than thirty pages long, Defendants were required to file a certification that the Dismissal Memorandum contains 9,000 words or less.

The entire Dismissal Memorandum is thirty-seven pages, but Local Rule 7.5(d) states, in pertinent part: "The case caption, table of contents, table of authorities, exhibits, declarations, certificates of counsel, and certificates of service do not count toward the page or word limitation." Excluding those portions, the Dismissal Memorandum is thirty pages long. Defendants therefore were not required to include a certificate of compliance pursuant to Local Rule 7.5(e). Defendants did file a certificate, stating the Dismissal Memorandum contains approximately 7,386. Thus, the Dismissal Memorandum also complies with Local Rule 7.5(b).

Plaintiff next argues that the font and the spacing of the Dismissal Memorandum violate Local Rule 10.2(a), which states, in pertinent part:

> All typewriting, including footnotes, shall be in either (1) a proportionally spaced face that is 14-point or larger and that includes serifs (*e.g.*, 14-point Times New Roman, CG Times, Charter BT, or Georgia), except that sans-serif type (*e.g.*, 14-point Arial, CG Omega, or Univers) may be used in headings and captions, or (2) a monospaced face that contains not more than 10½ characters per inch (*e.g.*, 12-point Courier or Courier New). All typewriting must be in a plain, Roman style, except that italics, underlining, or boldface may be used for emphasis. . . . All papers shall be double-spaced except for the identification of counsel, title of the case, footnotes, quotations, and exhibits. If the court determines that a matter does not comply with this rule, the matter may be stricken by motion or *sua sponte*.

Plaintiff argues that this Court should strike the Motion to

Dismiss because: the font used in the Dismissal Memorandum is smaller than Local Rule 10.2(a) allows; and the Dismissal Memorandum does not appear to be double-spaced.

First, based on this Court's review, the Dismissal Memorandum does not appear to violate Local Rule 10.2(a). Second, even if there was a violation, it is a minor violation, and this Court has the discretion to decide whether or not it is appropriate to strike the document. See Local Rule LR10.2(a) ("If the court determines that a matter does not comply with this rule, the matter **may** be stricken by motion or *sua sponte*." (emphasis added)). Thus, even if the Dismissal Memorandum violates Local Rule 10.2(a), this Court declines to strike the Motion to Dismiss. Plaintiff's Motion to Strike is DENIED as to the request to strike the Motion to Dismiss for violation of Local Rule 7.5 and Local Rule 10.2.

This Court REMINDS all parties that their filings must comply with the applicable court rules, including, but not limited to, Local Rule 7.5 and Local Rule 10.2.

**II. Concise Statement of Facts**

Plaintiff next argues that, because Defendants' Motion to Dismiss relies on evidence outside of the pleadings, Defendants' motion is actually a motion for summary judgment. Plaintiff asks this Court to strike Defendants' motion because they failed to submit a concise statement of facts, as required

by Local Rule 56.1(a). Local Rule 56.1(a) states, in pertinent part:

> A motion for summary judgment shall be accompanied by a supporting memorandum and a separate concise statement detailing each material fact as to which the moving party contends that there are no genuine issues to be tried that are essential for the court's determination of the summary judgment motion (not the entire case).

Plaintiff is correct that, as a general rule, this Court's scope of review in considering a motion to dismiss is limited to the allegations in the complaint. See Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010). "[A] court may consider evidence on which the 'complaint necessarily relies if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion.'" Id. (some citations and internal quotation marks omitted) (quoting Marder v. Lopez, 450 F.3d 445, 448 (9th Cir. 2006)). If the exhibits submitted with a motion to dismiss do not meet these requirements, consideration of the exhibits requires the district court to convert the motion to dismiss to a motion for summary judgment. Yamalov v. Bank of Am. Corp., CV. No. 10-00590 DAE-BMK, 2011 WL 1875901, at *7 n.7 (D. Hawai`i May 16, 2011) (citing Parrino v. FHP, Inc., 146 F.3d 699, 706 n.4 (9th Cir.

1998)).[1]  These principles, however, govern the standard that this Court must apply in reviewing Defendants' Motion.  Even if this Court considers evidence outside of the Complaint and applies the summary judgment standard to Defendants' Motion to Dismiss, that would not automatically trigger Defendants' duty to file a concise statement of facts pursuant to Local Rule 56.1.  Thus, under the circumstances of this case, the Court finds that Defendants were not required to file a concise statement of facts with the Motion to Dismiss.  Plaintiff's Motion to Strike is DENIED as to the request to strike the Motion to Dismiss for failure to comply with Local Rule 56.1.

## III. <u>Impertinent, Immaterial & Scandalous Matter</u>

Plaintiff also alleges that the Public Notice to Creditors ("the Notice") that Defendants submitted with the Motion to Dismiss, and Defendants arguments related to the Notice, are "irrelevant, impertinent and immaterial."  [Mem. in Supp. of Motion to Strike at 14.]  She therefore asks this Court to strike the Notice and any reference thereto pursuant to Federal Rule of Civil Procedure 12(f).  This Court has already ruled that Rule 12(f) only applies to pleadings and does not apply to the parties' memoranda in support of or in opposition to motions.  [Order Denying Pltf.'s Motion to Remand & Pltf.'s

---

[1] <u>Parrino</u> was superseded by statute on other grounds, as stated in <u>Abrego Abrego v. The Dow Chemical Co.</u>, 443 F.3d 676, 681-82 (9th Cir. 2006).

6

Motion to Strike Defs.' Opp. to Remand, filed 6/25/14 (dkt. no. 28) ("6/25/14 Order"), at 7.[2]]  The 6/25/14 Order also acknowledged that this Court may strike a party's filings pursuant to its inherent powers.  [Id. at 7-8 (citing Ready Transp., Inc. v. AAR Mfg., Inc., 627 F.3d 402, 404 (9th Cir. 2010)).]  As in the 6/25/14 Order, this Court finds that there is no ground to strike the Motion to Dismiss because Plaintiff's Motion to Strike essentially expresses her disagreement with Defendants' arguments in the Motion to Dismiss.  Plaintiff's Motion to Strike is therefore DENIED as to the request to strike the Motion to Dismiss because it allegedly contains impertinent, immaterial, and scandalous matter.

**IV.  Request for More Definite Statement**

Finally, Plaintiff complains about "Defendants['] ambiguous, vague, insufficient, failure to make clear statement or offer affidavit concerning employment records" and that Defendants "decline[d] to make a clear statement unequivocally admitting or denying said record(s) or the existence of said record(s)[.]"  [Mem. in Supp. of Motion to Strike at 9.]  Plaintiff apparently considers this portion of the Motion to Strike as a request for a more definite statement.

Federal Rule of Civil Procedure 12(e) states, in pertinent part: "A party may move for **a more definite statement**

---

[2] The 6/25/14 Order is also available at 2014 WL 2895467.

**of a pleading** to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." (Emphasis added.) Thus, Rule 12(e) is inapplicable because Plaintiff cannot obtain a more definite statement of a motion, or any part thereof. Plaintiff's Motion to Strike is DENIED as to the request for a more definite statement.

To the extent that Plaintiff is trying to obtain any documentation regarding the terms of her employment, Plaintiff must serve the appropriate discovery requests on Defendants, for example, a request for production of documents pursuant to Federal Rule of Civil Procedure 34. This Court REMINDS all parties that their discovery requests must comply with the applicable court rules.

## CONCLUSION

On the basis of the foregoing, Plaintiff's Combined Motion to Strike & for More Definite Statement, filed July 7, 2014, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, July 14, 2014.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**RONI DU PREEZ VS. RICK BANIS, ET AL; CIVIL 14-00171 LEK-RLP; ORDER DENYING PLAINTIFF'S COMBINED MOTION TO STRIKE AND FOR MORE DEFINITE STATEMENT**