IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

RONI DU PREEZ,                    )    CIVIL NO. 14-00171 LEK-RLP
                                  )
          Plaintiff,              )
                                  )
     vs.                          )
                                  )
RICK BANIS, DON CARANO, FRED      )
SCARPELLO, JOHN MACKALL, ET       )
AL.,                              )
                                  )
          Defendants.             )
_____ )


**ORDER DENYING DEFENDANTS' MOTION TO CERTIFY FOR AN
INTERLOCUTORY APPEAL THE COURT'S JANUARY 30, 2015 ORDER ON
DEFENDANT'S MOTION TO DISMISS [DOC. 74] (28 USC § 1292(B))**

On January 30, 2015, this Court issued its Order

Granting in Part and Denying in Part Defendants' Motion to

Dismiss First Amended Complaint [Doc. 38] ("1/30/15 Order").

[Dkt. no. 74.[1]]  On February 13, 2015, Defendants Rick Banis,

Don Carano, Fred Scarpello, John Mackall, individually and as

Trustees of the Estate of William Pennington (collectively, "the

Estate Defendants"); Kent Green; Raquel Bridgewater (sued

erroneously herein as Rachel Bridgewater); WNP Enterprises, Inc.;

and Western Equities, LLC (all collectively, "Defendants") filed

their Motion to Certify for an Interlocutory Appeal the Court's

January 30, 2015 Order on Defendant's Motion to Dismiss [Doc. 74]

(28 USC § 1292(b)) ("Motion").  [Dkt. no. 76.]  On February 14,

2015, this Court issued an entering order denying Defendants'

_____

[1] The 1/30/15 Order is also available at 2015 WL 415890.

Motion ("2/14/15 EO").  [Dkt. no. 84.]

The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules").  After careful consideration of the Motion and the relevant legal authority, Defendants' Motion is HEREBY DENIED for the reasons set forth below.  This Order supercedes the 2/14/15 EO.

## DISCUSSION

In the instant Motion, Defendants ask this Court to certify - for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) - the issue of whether Nevada law or Hawai`i law applies to the issue of whether pro se Plaintiff Roni Du Preez ("Plaintiff") timely brought her claims against the Estate Defendants.  [Motion at 2-3.]  Section 1292(b) states:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.  The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

This district court has described the standard applicable to requests for § 1292(b) certification as follows:

> A movant seeking an interlocutory appeal has a heavy burden to show that "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978); see also James v. Price Stern Sloan, Inc., 283 F.3d 1064, 1067 n.6 (9th Cir. 2002) ("Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly."); Pac. Union Conference of Seventh-Day Adventists v. Marshall, 434 U.S. 1305, 1309 (1977) ("The policy against piecemeal interlocutory review other than as provided for by statutorily authorized appeals is a strong one." (citations omitted)). Indeed, § 1292(b) is used "only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." In re Cement Antitrust Litig., 673 F.2d 1020, 1026 (9th Cir. 1982) (citing U.S. Rubber Co. v. Wright, 359 F.2d 784, 785 (9th Cir. 1966) (per curiam)). . . .

Leite v. Crane Co., Civil No. 11-00636 JMS/RLP, 2012 WL 1982535, at *2 (D. Hawai`i May 31, 2012). "A court has substantial discretion whether to grant a party's motion for certification." Pitts v. Sequeira, Civil No. 11-00281 LEK/RLP, 2014 WL 346523, at *2 (D. Hawai`i Jan. 29, 2014) (citing Adobe Sys., Inc. v. Hoops Enter., 2012 WL 1710951, *1 (N.D. Cal. 2012)).

As to the first factor – whether there is a controlling question of law, this Court finds that the resolution of the choice of law issue is material to significant claims in this case, but the issue is not a purely legal issue. See Leite, 2012 WL 1982535, at *5 (discussing the standard for determining what

3

is a controlling question of law). This Court therefore finds that the first § 1292(b) factor is not met in this case.

This Court also finds that the second § 1292(b) factor is not met in this case. There is no substantial ground for a difference of opinion because the controlling case law governing the choice of law analysis is clear. <u>See</u> <u>Couch v. Telescope Inc.</u>, 611 F.3d 629, 633 (9th Cir. 2010) ("To determine if a 'substantial ground for difference of opinion' exists under § 1292(b), courts must examine to what extent the controlling law is unclear.").

Further, this Court finds that the third § 1292(b) factor is not met in this case. The proposed interlocutory appeal would not materially advance the ultimate termination of the litigation because the choice of law issue only affects Plaintiff's claims against the Trustee Defendants. Allowing Defendants to take an interlocutory appeal of the choice of law issue would result in disruptive, piecemeal litigation. <u>Cf.</u> <u>Pac. Union Conference</u>, 434 U.S. at 1309 (regarding the policy against piecemeal interlocutory review).

Insofar as this Court has found that Defendants have not established any of the requirements for an interlocutory appeal, this Court FINDS that the instant case does not present the type of exceptional circumstances which warrant certification of an interlocutory appeal. This Court CONCLUDES that Defendants

should not be allowed to file the proposed interlocutory appeal in this case.

<u>CONCLUSION</u>

On the basis of the foregoing, Defendants' Motion to Certify for an Interlocutory Appeal the Court's January 30, 2015 Order on Defendant's Motion to Dismiss [Doc. 74] (28 USC § 1292(b)), filed February 13, 2015, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, February 27, 2015.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**RONI DU PREEZ VS. RICK BANIS, ET AL; CIVIL 14-00171 LEK-RLP; ORDER DENYING DEFENDANTS' MOTION TO CERTIFY FOR AN INTERLOCUTORY APPEAL THE COURT'S JANUARY 30, 2015 ORDER ON DEFENDANT'S MOTION TO DISMISS [DOC. 74] (28 USC § 1292 (B))**