IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RONI DU PREEZ, | CIVIL 14-00171 LEK-RLP |
| Plaintiff, | |
| vs. | |
| RICK BANIS, ET AL., | |
| Defendants. | |

**ORDER DENYING PLAINTIFF'S MOTION FOR JUDGMENT AS A MATTER
OF LAW AND FOR NEW TRIAL PURSUANT TO FRCP RULES 50(B) AND 59**

Before the Court is Plaintiff Roni Du Preez's ("Plaintiff") Motion for Judgment as a Matter of Law and for New Trial Pursuant to FRCP Rules 50(b) and 59 ("Motion"), filed on May 12, 2017. [Dkt. no. 329.] Defendants Rick Banis, Don Carano, Fred Scarpello, and John Mackall, as Trustees of the Estate of William Pennington (collectively, "Trustee Defendants"), WNP Enterprises, Inc. ("WNP"), and Western Equities LLC ("Western," and all collectively, "Defendants") filed their memorandum in opposition on May 19, 2017. [Dkt. no. 334.] The Court has considered the Motion as non-hearing matter pursuant to Rule LR7.2(e) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). Plaintiff's Motion is hereby denied for the reasons set forth below.

## BACKGROUND

Plaintiff filed this action on March 20, 2014 in state court. The Trustee Defendants and Western Equities filed their Notice of Removal on April 11, 2014. The operative pleading is her Third Amended Complaint for Damages and Equitable Relief ("Third Amended Complaint"), filed May 5, 2015. [Dkt. no. 130.] The factual issues in this case are well known to the parties, and the Court will only discuss the issues that are relevant to the instant Motion.

The case went to trial on Count I, breach of implied contract, and Count VI, promissory estoppel. See Order Granting in Part and Denying in Part Defs.' Motion for Summary Judgement and Denying as Moot Defs.' Motion to Dismiss, filed 9/30/15 (dkt. no. 211) ("9/30/15 Order") (granting summary judgment as to all other claims).[1] The gravamen of this case is that Plaintiff seeks to enforce the promises that she alleges her former employer, William Pennington, made to her before she accepted the position as the manager of his vacation home on the Island of Maui and during the course of her employment.

Jury selection occurred on May 2, 2017. [Amended Minuted, filed 5/2/17 (dkt. no. 319).] The parties presented

---

[1] The 9/30/15 Order also granted summary judgment on the portions of Counts I and VI against Defendants Kent Green and Racquel Bridgewater, who were terminated as parties. [9/30/15 Order at 34-35.]

2

evidence on May 3 and 4, and closing arguments on May 5, [dkt. nos 318, 320, 324].  Later that day, the jury returned a verdict in favor of Defendants as to both counts.  [Special Jury Verdict Form, filed 5/5/17 (dkt. no. 325).]  The instant Motion followed, renewing the oral motion for judgment as a matter of law that Plaintiff made after Defendants rested their case.

### **STANDARD**

This district court has explained:

> Federal Rule of Civil Procedure 50(b) allows a party to file a renewed motion for judgment as a matter of law after entry of judgment on a jury verdict.  To file a renewed motion under Rule 50(b), a party generally must first file a motion for judgment as a matter of law under Rule 50(a) before the case is submitted to the jury.  E.E.O.C. v. Go Daddy Software, Inc., 581 F.3d 951, 961 (9th Cir. 2009).  If the court denies or defers ruling on the Rule 50(a) motion and the jury returns a verdict against the moving party, the party may then renew the motion under Rule 50(b).  Id.  Because it is a "renewed" motion, a party cannot "raise arguments in its post-trial motion for judgment as a matter of law under Rule 50(b) that it did not raise in its preverdict Rule 50(a) motion."  Id. (quoting Freund v. Nycomed Amersham, 347 F.3d 752, 761 (9th Cir. 2003)).
>
> The rule that a party must move for judgment as a matter of law before the case is submitted to a jury does not apply if the motion alleges inconsistencies in the answers given to a special verdict.  Pierce v. Souther[n] Pacific Transp. Co., 823 F.2d 1366, 1369 (9th Cir. 1987) ("When a special verdict does not support a judgment a reviewing court may make an exception to the Rule 50(b) requirement of a motion for directed verdict as a prerequisite to a motion [judgment notwithstanding the verdict]."); Zhang v. American Gem Seafoods, Inc., 339 F.3d 1020, 1033 (9th Cir.

3

2003).

In ruling on a 50(b) motion, the Court may allow judgment on the verdict, order a new trial, or reverse the jury and direct the entry of judgment as a matter of law.  Fed. R. Civ. P. 50(b).  The court will direct judgment as a matter of law if "the evidence permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict."  Go Daddy Software, Inc., 581 F.3d at 961 (quoting Josephs v. Pac. Bell, 443 F.3d 1050, 1062 (9th Cir. 2006)).  When considering the motion, the court "may not make credibility determinations or weigh the evidence."  Id. (quoting Reeves v. Sanderson Plumb[]ing Prods., Inc., 530 U.S. 133, 150 (2000)).  Instead, the court reviews the evidence "in the light most favorable to the nonmoving party" and draws "all reasonable inferences in that party's favor."  Id. (quoting Josephs, 443 F.3d at 1062)).  "While the district court may not resolve conflicts in the testimony or weigh the evidence, it may evaluate evidence at least to the extent of determining whether there is substantial evidence to support the verdict.  '[A] mere scintilla of evidence will not suffice.'"  Von Zuckerstein v. Argonne Nat'l Laboratory, 984 F.2d 1467, 1471 (7th Cir. 1993) (citing La Montagne v. American Convenience Products, Inc., 750 F.2d 1405, 1410 (7th Cir. 1984)).

The Ninth Circuit has defined substantial evidence as "such relevant evidence as reasonable minds might accept as adequate to support a conclusion even if it is possible to draw two inconsistent conclusions from the evidence." Maynard v. City of San Jose, 37 F.3d 1396, 1404 (9th Cir. 1994) (citing George v. City of Long Beach, 973 F.2d 706, 709 (9th Cir. 1992)).

Dawkins v. City & Cty. of Honolulu, Civ. No. 10-00086 HG-KSC, 2012 WL 1982461, at *3-4 (D. Hawai`i May 31, 2012) (some alterations in Dawkins).

> In addition,
>
> > Federal Rule of Civil Procedure 50(b) allows a party filing a renewed motion for judgment as a matter of law to include an alternative request for a new trial under Rule 59.  Rule 59 allows the court to grant a new trial after a jury trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court."  Fed. R. Civ. P. 59(a).  Although Rule 59 does not specify the grounds on which a court may order a new trial, historically recognized grounds include:  "that the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving."  Molski v. M.J. Cable, Inc., 481 F.3d 724, 729 (9th Cir. 2007) (quoting Passantino v. Johnson & Johnson Consumer Prods., 212 F.3d 493, 510 n.5 (9th Cir. 2000)).
>
> > "When a motion for a new trial is based on insufficiency of the evidence, a 'stringent standard applies' and a new trial may be granted 'only if the verdict is against the great weight of the evidence or it is quite clear that the jury has reached a seriously erroneous result.'"  MLM Property, LLC v. Country Cas. Ins. Co., 2010 WL 1948609, at *2 (D. Or. 2010) (quoting Digidyne Corp. v. Data Gen. Corp., 734 F.2d 1336, 1347 (9th Cir. 1984)).

Id. at *4.

## DISCUSSION

### I. Witness Exclusionary Rule

Plaintiff first argues that this Court should strike Kent Green's testimony because of Defendants' violation of Fed. R. Evid. 615.  Plaintiff contends that, without Mr. Green's testimony, there is insufficient evidence to support the jury's verdict.

Prior to trial, this Court informed the parties that the witness exclusionary rule would be in force, and Defendants stated that Mr. Green would serve as the party representative. Thus, Mr. Green was allowed to sit at defense counsel's table during the trial proceedings. After Plaintiff rested her case, Defendants presented Mr. Green as their first witness. He testified that he left his position with the Pennington business entities last year. On cross-examination, he confirmed that he is no longer employed by the Pennington family in any capacity, he is not a member of either Western or WNP, and he was retained by Defendants to serve as the party representative at trial. This Court excused the jury to address Mr. Green's role in the case.

> Rule 615 states:
>
> At a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony.  Or the court may do so on its own.  But this rule does not authorize excluding:
>
>> (a)  a party who is a natural person;
>>
>> (b)  an officer or employee of a party that is not a natural person, after being designated as the party's representative by its attorney;
>>
>> (c)  a person whose presence a party shows to be essential to presenting the party's claim or defense; or
>>
>> (d)  a person authorized by statute to be present.

Under the circumstances of this case, the only potentially applicable provision is Rule 615(c).  When a party invokes Rule 615(c), it is not enough that **the party** considers a person to be essential.  For example, in United States v. Hitesman, the district court stated:

> In interpreting Rule 615, the Ninth Circuit has held that case agents . . . may remain in the courtroom pursuant to either Rule 615(b) or Rule 615(c).  See United States v. Gonzalez, 221 F.3d 1349, *1 (9th Cir. 2000) (Table) ("DEA Special Agent Hinton, INS Special Agent Nygaard, and Idaho Bureau of Narcotics Special Agent White were all case agents for the Government . . . were all **deemed by the district court** to be essential to the presentation of the Government's case and were therefore also exempt from exclusion under Federal Rule of Evidence 615[c].") (footnote omitted).

Case No. 14-CR-00010-LHK-1, 2016 WL 3523854, at *13 (N.D. Cal. June 28, 2016) (some alterations in Hitesman) (emphasis added).

When Defendants' counsel identified Mr. Green as their party representative, they did not point out that Mr. Green was no longer an officer or employee of WNP or Western.[2]  Thus, they did not establish before this Court that Mr. Green was essential to the presentation of their case, and Defendants' use of Mr. Green as their party representative was a technical violation of Rule 615(c).  However, under the circumstances of this case, if the issue had been properly presented to this Court prior to

---

[2] This Court acknowledges that Defendants' Final Witness List identified Mr. Green as a "Former WNP Enterprises, Inc. Employee."  [Filed 4/11/17 (dkt. no. 273), at 2.]

7

trial, this Court would have found that Mr. Green was essential to the presentation of Defendants' case.  Further, at trial, this Court sanctioned Defendants for the Rule 615(c) violation by excluding him from the courtroom after he completed his testimony.  The Court finds that this sanction was sufficient to address any minimal prejudice that Plaintiff suffered – and any minimal advantage that Defendants gained – by utilizing Mr. Green as their party representative without making the required Rule 615(c) showing prior to trial.  The Court therefore concludes that Defendants' violation of Rule 615(c) does not warrant either striking Mr. Green's testimony or ordering a new trial.  The Motion is denied as to Plaintiff's argument based upon the Rule 615(c) violation.

## II.   Discovery Violations

Plaintiff also argues that this Court should strike Mr. Green's testimony and/or order a new trial because Defendants failed to disclose the fact that: the notes he took during the January 2005 meeting in which Mr. Pennington hired Plaintiff had been found; and he was being compensated for participation in the trial proceedings.

At trial, Plaintiff testified that Mr. Green took notes during the meeting.  Mr. Green also testified that he took notes, and one of the things he wrote down was that Plaintiff would be a subcontractor, which was contrary to Plaintiff's testimony about

the meeting.  During discovery, WNP and Western each stated that it could neither admit nor deny that notes were taken at the meeting because it had made a reasonable inquiry, and the information it obtained was insufficient to allow it to either admit or deny that notes were taken.  [Mem. in Opp., Decl. of Andrew J. Lautenbach, Exh. A (WNP's Responses & Objections to Pltf.'s Request for Answers to Interrogatories, Admissions and Production of Documents) at 16; id., Exh. B (Western's Responses & Objections to Pltf.'s Request for Answers to Interrogatories, Admissions and Production of Documents) at 16.]  Similarly, Mr. Green responded during discovery that he did not recall whether or not he took notes at the meeting, and a diligent search did not uncover any notes of the meeting.

Plaintiff is correct that Mr. Green's testimony at trial was inconsistent with his discovery response.  However, Plaintiff's counsel was able to cross-examine Mr. Green about the inconsistency, and nothing in Mr. Green's testimony – or the testimony of any of Defendants' other witnesses – suggests that the notes were found after Defendants submitted their discovery response to Plaintiff.  There is no evidence that Defendants had an obligation to amend their discovery responses and to produce the recently located notes to Plaintiff.

Plaintiff also argues that Defendants failed to disclose the fact that Mr. Green would serve as an expert witness

9

at trial and failed to comply with the disclosure requirements for expert witnesses.  Fed. R. Civ. P. 26(a)(2) states, in pertinent part, "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705."  Rule 702 states, *inter alia*:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
>> (a)  the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue[.]

Rule 703 states, in pertinent part: "An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed."  Rule 705 states: "Unless the court orders otherwise, an expert may state an opinion – and give the reasons for it – without first testifying to the underlying facts or data.  But the expert may be required to disclose those facts or data on cross-examination."

      Mr. Green did not give any of the types of testimony described in Rules 702, 703, and 705.  He testified as a percipient witness, not an expert witness.  This Court therefore concludes that Defendants were not required to disclose him as an expert witness during discovery.  Further, although Defendants did not disclose to Plaintiff that Mr. Green was compensated for

10

his participation in the trial proceedings, Plaintiff's counsel had the opportunity to cross-examine him about the compensation and to argue that the compensation affected his credibility.

This Court denies Plaintiff's Motion as to her argument alleging that Defendants committed discovery violations which warrant either striking Mr. Green's testimony or ordering a new trial.

**III. Summary**

This Court has rejected each of the alleged errors presented in Plaintiff's Motion, whether or not expressly discussed in this Order.  This Court also concludes that the cumulative effect of the alleged errors does not warrant either striking Mr. Green's testimony or ordering a new trial.  See, e.g., Collender v. City of Brea, Case No. SACV 11-0530 AG (RNBx), 2016 WL 6647948, at *7 (C.D. Cal. June 14, 2016) ("As none of the individual grounds for a new trial persuade the Court, the grounds taken together also fail to persuade the Court that a new trial is warranted.").  Plaintiff has failed to establish that she is entitled to either judgment as a matter of law or a new trial.

**CONCLUSION**

On the basis of the foregoing, Plaintiff's Motion for Judgment as a Matter of Law and for New Trial Pursuant to FRCP Rules 50(b) and 59, filed May 12, 2017, is HEREBY DENIED.  The

11

Clerk's Office is DIRECTED to enter final judgment in favor of Defendants immediately.

    IT IS SO ORDERED.

    DATED AT HONOLULU, HAWAII, July 27, 2017.



    /s/ Leslie E. Kobayashi
    Leslie E. Kobayashi
    United States District Judge

**RONI DU PREEZ VS. RICK BANIS, ET AL; CIVIL 14-00171 LEK-RLP; ORDER DENYING PLAINTIFF'S MOTION FOR JUDGMENT AS A MATTER OF LAW AND FOR NEW TRIAL PURSUANT TO FRCP RULES 50(B) AND 59**