IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RONI DU PREEZ | ) CIVIL NO. 14-00171 LEK-RLP |
| | ) |
| Plaintiff, | ) FINDINGS AND RECOMMENDATION TO |
| | ) GRANT IN PART AND DENY IN PART |
| vs. | ) DEFENDANTS' MOTION FOR AN AWARD |
| | ) OF ATTORNEYS' FEES AND NON- |
| | ) TAXABLE COSTS |
| RICK BANIS, ET AL., | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

FINDINGS AND RECOMMENDATION TO GRANT IN PART AND
DENY IN PART DEFENDANTS' MOTION FOR AN AWARD
OF ATTORNEYS' FEES AND NON-TAXABLE COSTS[1]

          Before the Court is Defendants' Motion For an Award of

Attorneys' Fees and Non-Taxable Costs, filed on August 10, 2017

("Motion").  ECF No. 342.  Defendants request an award of

attorneys' fees and non-taxable costs as the "prevailing party"

pursuant to Hawaii Revised Statutes Section 607-14.  Plaintiff

filed her Opposition on September 5, 2017.  ECF No. 352.

Defendants filed their Reply on September 19, 2017.  ECF No. 355.

The Court finds this matter suitable for disposition without a

hearing pursuant to Local Rule 7.2(d).  After careful

consideration of the submissions of the parties and the relevant

---

          [1] Within fourteen days after a party is served with a copy
of the Findings and Recommendation, that party may, pursuant to
28 U.S.C. § 636(b)(1), file written objections in the United
States District Court.  A party must file any objections within
the fourteen-day period allowed if that party wants to have
appellate review of the Findings and Recommendation.  If no
objections are filed, no appellate review will be allowed.

legal authority, the Court FINDS AND RECOMMENDS that Defendants'
Motion be GRANTED IN PART AND DENIED IN PART.

<u>BACKGROUND</u>

Plaintiff filed her original Complaint in state court
on March 20, 2014.  <u>See</u> ECF No. 1.  Defendants removed the action
on April 11, 2014 based on diversity jurisdiction.  <u>Id</u>.  Prior to
trial, the district court granted motions for summary judgment in
favor of Defendants Kent Green and Racquel Bridgewater on all
counts, and granted summary judgment in favor of all Defendants
on claims of wrongful termination, breach of the covenant of good
faith and fair dealing, interference with prospective economic
advantage, fraudulent misrepresentation, and breach of oral
contract.  ECF No. 211.  The surviving two claims were breach of
implied contract and promissory estoppel.  <u>Id</u>.

After a number of continuances, trial began on May 2,
2017, and the jury returned its special verdict form on May 5,
2017, finding in favor of Defendants.  ECF No. 325.  Following
trial, Plaintiff filed a motion for judgment as a matter of law
and for new trial, which was denied on July 27, 2017.  ECF No.
329; ECF No. 338.  The Clerk entered judgment in favor of
Defendants on July 27, 2017.  ECF No. 339.  On August 10, 2017,
Defendants filed a Bill of Costs seeking costs pursuant to Rule
54(d).  ECF No. 341.  Plaintiff did not file objections to
Defendants' Bill of Costs.  On August 28, 2017 the Clerk taxed

costs in the amount of $25,874.39.  ECF No. 345.  The present
Motion followed.

## ANALYSIS

In diversity cases, the Court must apply state law in
determining whether the prevailing party is entitled to
attorneys' fees.  Kona Enters., Inc. v. Estate of Bishop, 229
F.3d 877, 883 (9th Cir. 2000).  Under Hawaii law, "[o]rdinarily,
attorneys' fees cannot be awarded as damages or costs unless so
provided by statute, stipulation, or agreement."  Stanford Carr
Dev. Corp. v. Unity House, Inc., 141 P.3d 459, 478 (Haw. 2006)
(citing Weinberg v. Mauch, 890 P.2d 277, 290 (Haw. 1995)).
Here, Defendants seek an award of fees and costs under Hawaii
Revised Statutes Section 607-14.  Section 607-14 provides that
attorneys' fees shall be awarded "in all actions in the nature of
assumpsit."  Haw. Rev. Stat. § 607-14.  Section 607-14 also
provides that such fees shall "not exceed twenty-five per cent of
the judgment."  Haw. Rev. Stat. § 607-14.  To award attorneys'
fees and costs under Section 607-14, the court must determine
whether:  (A) Defendants are the prevailing party; (B) the
action is in the nature of assumpsit; (C) the fees and costs
requested are reasonable; and (D) the fees and costs do not
exceed twenty-five percent of the judgment.

## A.    **Prevailing Party Status**

"In general, a party in whose favor judgment is

3

rendered by the district court is the prevailing party in that court." MFD Partners v. Murphy, 850 P.2d 713, 716 (Haw. Ct. App. 1992) (quoting 6 J. Moore, W. Taggart & J. Wicker, Moore's Federal Practice ¶ 54.70[4], at 54-323-54-324. (2d ed. 1992)) (some alteration in original); see also Village Park Cmty. Ass'n v. Nishimura, 122 P.3d 267, 283 (Haw. Ct. App. 2005).

Here, the parties do not dispute that Defendants are the prevailing party for purposes of Section 607-14 because they obtained final judgment in their favor.  See ECF No. 342-1 at 10; ECF No. 352.

**B.**   **Action in the Nature of Assumpsit**

The parties agree that the essential character of Plaintiff's claims sounded in assumpsit in this case.  See ECF Nos. 342-7 at 7; 352 at 1; see, e.g., Schultz v. Honsador, 690 P.2d 279, 281 (Haw. 1984), overruled on other grounds (holding that assumpsit is "a common law form of action which allows for the recovery of damages for nonperformance of a contract, either express or implied, written or verbal, as well as quasi-contractual obligations.").  Accordingly, the Court FINDS that Defendants are entitled to an award of attorneys' fees under Section 607-14.

**C.**   **Reasonable Attorneys' Fees and Non-Taxable Costs**

**1.**   **Reasonable Attorneys' Fees**

Hawaii courts calculate the reasonableness of

4

attorneys' fees based on a method that is nearly identical to the traditional "lodestar" calculation set forth in <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433 (1983). <u>See</u> <u>DFS Grp. L.P. v. Paiea Props.</u>, 131 P.3d 500, 505 (Haw. 2006). Under the lodestar method, the court must determine a reasonable fee by multiplying the number of hours reasonably expended by a reasonable hourly rate. <u>See</u> <u>id.</u> at 505-06. In addition, the court may consider additional factors including the novelty of the questions involved and charges for similar service in the community. <u>See</u> <u>Chun v. Bd. of Trs. of Emps.' Ret. Sys. of Haw.</u>, 106 P.3d 339, 358 (Haw. 2005); <u>Chun v. Bd. of Trs. of Emps.' Ret. Sys. of Haw.</u>, 992 P.2d 127, 137 (Haw. 2000).

Defendants request the following attorneys' fees for work performed by their counsel:

| NAME | RATE | HOURS | TOTAL |
|------|------|-------|-------|
| Terence O'Toole, Esq. | $500.00 | 27.40 | $13,700.00 |
| Mark J. Bennett, Esq. | $500.00 | 33.80 | $16,900.00 |
| Andrew Lautenbach, Esq. | $275-$350 | 582.30 | $180,990.00 |
| Lane Hornfeck, Esq. | $300.00 | 27.40 | $8,220.00 |
| Sharon V. Lovejoy, Esq. | $250/$275 | 79.70 | $21,500.00 |
| Orian Lee, Esq. | $275.00 | 170.10 | $46,777.50 |
| Lindsay Orman, Esq. | $200/$225 | 9.10 | $1,907.50 |
| Maile S. Miller, Esq. | $175/$190 | 116.50 | $21,619.00 |
| Danielle Kiyabu, Esq. | $230.00 | 50.90 | $11,707.00 |
| Kukui Claydon, law clerk | $175.00 | 9.20 | $1,610.00 |

| | | | |
|---|---|---|---|
| Connie Gardner, paralegal | $135.00 | 26.40 | $3,564.00 |
| Elton Johnson, paralegal | $175.00 | 15.80 | $2,765.00 |
| Gayla Evora, paralegal | $135.00 | .40 | $54.00 |
| Elizabeth Spradlin, paralegal | $60.00 | 148.90 | $8,934.00 |
| | | **TOTAL** | **$340,248.00** |

See ECF No. 342-10.  In total, Defendants assert that they
incurred $340,248 in attorneys' fees and taxes.[2]  Id.

     **a.    Reasonable Hourly Rate**

     Hawaii courts consider the reasonable hourly rate in a
manner similar to the traditional lodestar formulation, and some
Hawaii state courts have considered federal law in determining a
reasonable hourly rate.  See, e.g., Cnty. of Haw. v. C & J Coupe
Family Ltd. P'ship, 208 P.3d 713, 720 (Haw. 2009).  The Court
finds that federal case law regarding the determination of a
reasonable hourly rate is instructive in this case.  In assessing
whether an hourly rate is reasonable, a court "should be guided
by the rate prevailing in the community for similar work
performed by attorneys of comparable skill, experience, and
reputation."  Webb v. Ada Cnty., 285 F.3d 829, 840 (9th Cir.
2002) (citing Chalmers v. City of L.A., 796 F.2d 1205, 1210-11

_____

     [2] The Court notes that Defendants state a total of
$340,023.00 in attorneys' fees in their Motion.  ECF No. 342-1 at
3.  However, the charts provided by Defendants reflect a total
amount of $340,248.00 in attorneys' fees.  ECF No. 342-10.  The
Court will use the latter number for purposes of this Findings
and Recommendation.

(9th Cir. 1986)); see also Gates v. Deukmejian, 987 F.2d 1392,
1405 (9th Cir. 1992) (noting that the rate awarded should reflect
"the rates of attorneys practicing in the forum district").  In
addition to their own statements, the fee applicant is required
to submit additional evidence that the rate charged is
reasonable.  Jordan v. Multnomah Cnty., 815 F.2d 1258, 1263 (9th
Cir. 1987).

　　　　Based on the information provided by counsel, the
Court's knowledge of the prevailing rates in the community, and
the Court's familiarity with this case, the Court finds that the
hourly rates requested for Ms. Lovejoy and Ms. Spradlin are
reasonable.  However, as discussed below, the Court finds that
the remaining rates requested are unreasonable.

　　　　Defendants request $500 per hour for Mr. O'Toole and
Mr. Bennett.  Both Mr. O'Toole and Mr. Bennett have been licensed
to practice law in Hawaii for over forty years.  ECF No. 342-2
¶¶ 14-15.  The Court finds that $500 per hour is excessive
compared with the prevailing market rates in this community.
Based on the information provided by counsel, counsel's
respective roles in this litigation, the Court's knowledge of the
prevailing market rates in the community, and the nature of this
action, the Court finds that $400 per hour is a reasonable rate
for both Mr. O'Toole and Mr. Bennett.  See, e.g., Algal Partners,
L.P. v. Santos, CV. No. 13-00562 LEK-BMK, 2014 WL 7420442, at *4

7

(D. Haw. Dec. 31, 2014) (awarding $375 per hour to senior partner
with forty years of experience); <u>Balboa v. Hawaii Care and
Cleaning, Inc.</u>, CV. No. 14-00009 ACK-RLP, 2015 WL 4418304 at *3
(D. Haw. June 23, 2015) (finding $400 to be a reasonably hourly
rate for an attorney with forty-seven years of experience).

Defendants request $300 per hour for work performed by
Ms. Hornfeck, an attorney with nineteen years of experience.
ECF No. 342-2 ¶ 17.  Based on the information provided by
counsel, the Court's knowledge of the prevailing market rates in
the community, and the nature of this action, the Court finds
that the requested rate is slightly excessive and that $275 per
hour is a reasonable rate for Ms. Hornfeck.  See <u>CUMIS Ins.
Society, Inc. v. CU Pacific Audit Sols., LLC</u>, CV. No. 14-00140
LEK-BMK, 2015 WL 13234467, at *7 (D. Haw. Nov. 20, 2015) (finding
$275 per hour a reasonable rate for an attorney with
approximately twenty years litigation experience).

Defendants request $275 to $350 per hour for work
performed by Mr. Lautenbach and $275 per hour for work performed
by Mr. Lee.  ECF No. 342-2 ¶¶ 13, 18.  Mr. Lautenbach and Mr. Lee
both have approximately eleven years of experience.  ECF No. 342-
2 ¶ 13.  Based on a review of the rates generally awarded for
attorneys with comparable experience in this community, the Court
finds that $250 is a reasonable hourly rate for Mr. Lee and $275
is a reasonable hourly rate for Mr. Lautenbach given his

8

significant role in this litigation.  See Liberty Mutual Ins. Co. v. Sumo-Nan LLC, CV. No. 14-00520 DKW-KSC, 2017 WL 810277, at *10 (D. Haw. Mar. 1, 2017) (awarding $250 per hour to attorney with twelve years of experience).

Defendants requests an hourly rate of $230 for work performed by Ms. Kiyabu and an hourly rate of $200 to $225 for work performed by Ms. Orman.  ECF No. 342-2 ¶¶ 21-22.  Ms. Kiyabu has been practicing law since 2010, and Ms. Orman has been practicing law since 2012.  Id.  Based on the information provided by counsel, the Court's knowledge of the prevailing market rates in the community, and the nature of this action, the Court finds that $175 is a reasonable rate for both Ms. Kiyabu and Ms. Orman.  See Liberty Mutual, 2017 WL 810277, at *10 (awarding $175 to attorney with approximately six years experience).

Defendants request $175 to $190 per hour for work performed by Ms. Miller, an associate with three years of experience.  ECF No. 342-2 ¶ 19.  Based on a review of the rates generally awarded for attorneys with comparable experience in this community, the Court finds that a reasonable hourly rate for Ms. Miller is $130.  See CUMIS Ins., 2015 WL 13234467, at *7 (awarding an hourly rate of $130 for an attorney with three years experience).

Defendants request $175 per hour for work performed by

Ms. Claydon.  ECF No. 342-2 ¶ 20.  Ms. Claydon was a law clerk
following her second year of law school while working on the
present case.  Id.  The Court finds $175 per hour to be excessive
and reduces Ms. Claydon's hourly rate to $100.  See BlueEarth
Biofuels, LLC v. Hawaiian Elec. Co., Inc., CV. No. 09-00181 LEK-
KSC, 2015 WL 881577, at *13 (D. Haw. Feb. 27, 2015) (finding $100
to be a reasonable hourly rate for law clerks).

        Finally, the Court finds that the rates requested for
paralegal work performed by Ms. Gardner, Mr. Johnson, and Ms.
Evora are excessive.  The Court finds that $85 is a reasonable
hourly rate for Ms. Gardner, Mr. Johnson, and Ms. Evora.  See
Pelayo v. Platinum Limousine Servs., Inc., CV. No. 15-00023 DWK-
KJM, 2016 WL 7734557 at *8 (D. Haw. June 6, 2016) (holding that a
reasonable hourly rate for an experienced paralegal is $85).

        **b.   Hours Reasonably Expended**

        For the same reasons as those discussed above, the
Court finds that federal case law regarding the determination of
reasonable hours spent is instructive in this case.  Defendants
bear the burden of documenting the appropriate hours expended in
the litigation and must submit evidence in support of those hours
worked.  See Smothers v. Renander, 633 P.2d 556, 563 (Haw. Ct.
App. 1981) (stating that it is the prevailing party's burden to
show that the fee is for services reasonably and necessarily
incurred).  The opposing party then has the burden of rebuttal

10

that requires submission of evidence challenging the accuracy and reasonableness of the hours charged.  <u>Gates</u>, 987 F.2d at 1397-98.

Attorneys' fees pursuant to Section 607-14 are not presumptive and do not require a detailed explanation of the rationale underlying the reduction in the amount of fees awarded as long as there is support in the record.  <u>Ranger Ins. Co. v. Hinshaw</u>, 79 P.3d 119, 126 (Haw. Nov. 14, 2003) (citing <u>Finley v. Home Ins. Co.</u>, 975 P.2d 1145, 1159 (Haw. 1998)).  <u>See also</u> <u>Moreno v. City of Sacramento</u>, 534 F.3d 1106, 1111 (9th Cir. 2008) (stating that the district court's explanation of an award "need not be elaborate, but it must be comprehensible"); <u>Hensley</u>, 461 U.S. at 437 (the court's explanation may be "concise," but must also be "clear").  The court need not set forth an hour-by-hour analysis of the fee request but may instead make across-the-board percentage cuts to the number of hours claimed as a "practical means of trimming the fat" from a fee application.  <u>Gates</u>, 987 F.2d at 1399.

###                          i.  Duplicate Billing

Generally, two attorneys cannot bill for attending: (1) a meeting between co-counsel; (2) a client meeting; or (3) a meeting with opposing counsel.  <u>See</u>, <u>e.g.</u>,<u>Ko Olina Dev., LLC v. Centex Homes</u>, CV. No. 09-00272 DAE-LEK, 2011 WL 1235548, at *12 (D. Haw. Mar. 29, 2011) (quoting <u>Nat'l Comm'n for Certification of Crane Operators v. Ventula</u>, CV. No. 09-00104 SOM-LEK, 2010 WL

2179505, at *5 (D. Haw. Apr. 30, 2010)).  In such situations, the Court typically deducts the time spent by the lowest-billing attorney.  Id.

In reviewing the time entries provided by Defendants' counsel, the Court notes that there are a number of entries where two attorneys billed for meetings between co-counsel.  The time entries at issue are below:

| DATE | ATTORNEY | TIME | DESCRIPTION |
|------|----------|------|-------------|
| 8/12/14 | Mr. Lautenbach | 0.2 | Meet with associate re preparation of responses to document requests |
| 8/12/14 | Ms. Miller | 0.2 | Meeting with Mr. Lautenbach re discovery requests |
| 5/9/14 | Mr. Lautenbach | 0.1 | Meet with Ms. Kiyabu re [motion for remand] |
| 5/9/14 | Ms. Kiyabu | 0.1 | Conference with Mr. Lautenbach re motion to remand |
| 7/22/14 | Mr. Lautenbach | 0.4 | Meet with Ms. Orman re preparation of motion to strike amended complaint |
| 7/22/14 | Ms. Orman | 0.2 | Confer with Mr. Lautenbach re motion to strike |
| 10/14/14 | Mr. Lautenbach | 0.3 | Teleconference with Ms. Hornfeck re reply in support of motion to dismiss |
| 10/14/14 | Ms. Hornfeck | 0.2 | Telephone call with Mr. Lautenbach |
| 2/18/16 | Mr. Lautenbach | 0.3 | Meet with Ms. Lovejoy re statute of limitations defense and verdict form |

| 2/18/16 | Ms. Lovejoy | 0.3 | Confer with Mr. Lautenbach regarding jury instructions and jury verdict form and statue of limitations issue, and claims against trustees |
|---------|-------------|-----|------------------------------------------------------------------------------------------------------------------------------------------|

Based on the duplicative nature of these time entries, the Court deducts the following time spent by the lower-billing attorney in each instance: Ms. Miller (0.2 hours), Ms. Kiyabu (0.1 hours), Ms. Orman (0.2 hours), and Mr. Lautenbach (0.5 hours).

## ii. Inadequate Descriptions

The party seeking an award of fees "must describe adequately the services rendered, so that the reasonableness of the requested fees can be evaluated." Local Rule 54.3(d)(2). Several time entries submitted by Defendants' counsel do not contain enough information to allow the Court to determine the reasonableness of the hours expended. Specifically, because Mr. O'Toole failed to identify the subject of his review in two entries, the Court deducts 1.0 hours of his time.[3] Because Mr. Lautenbach failed to provide the subject matter for e-mail communications, the Court deducts 1.1 hours of his time.[4] Because Ms. Spradlin failed to identify the subject matter of e-

---

[3] Mr. O'Toole's unspecified review entries were on 6/3/14 and 7/29/14. ECF No. 342-10 at 1-2.

[4] Mr. Lautenbach's inadequate e-mail descriptions were on 6/24/14, 10/21/15, and 12/18/15. Id. at 1, 4, and 21.

13

mails she reviewed, the Court deducts 0.2 hours of her time.[5]
Finally, because four of Ms. Lovejoy's entries are not
sufficiently detailed, the Court deducts 20.5 hours of her time.[6]

### iii.  Unspecified Telephone Conferences

Pursuant to Local Rule 54.3(d)(2), time entries for
telephone conferences must include an identification of all
participants and the reason for the call.  LR 54.3(4)(2).
Several of Mr. Lautenbach's time entries do not include this
required information.  Accordingly, the Court deducts 5.6 hours
of Mr. Lautenbach's time.[7]

### iv.  Clerical or Ministerial Tasks

Clerical costs are part of an attorney's overhead and
are reflected in the charged hourly rate.  Jeremiah B. v. Dep't
of Educ., Civil No. 09-00262 DAE-LEK, 2010 WL 346454, at *5 (D.
Haw. Jan. 29, 2010) (citing Sheffer v. Experian Info. Sols. Inc.,
290 F. Supp. 2d 538, 549 (E.D. Pa. 2003)).  The following is a
list of tasks previously deemed clerical or ministerial in this
district and therefore deemed non-compensable:

---

[5] Ms. Spradlin's review of unspecified e-mails were on
3/30/17, and 3/31/17.  Id. at 19.

[6] Ms. Lovejoy's inadequate descriptions were on 4/28/17,
4/3/17, 5/1/17, and 5/2/17.  Id. at 27.

[7] Mr. Lautenbach's unspecified telephone conference entries
were on 4/9/14, 4/15/14, 6/2/14, 8/26/14, 9/30/14, 12/8/14,
2/3/15, 2/10/15, 2/20/15, 3/2/15, 3/6/15, 3/17/15, 10/21/15, and
4/7/17.  Id. at 1-4, 8, 13-14, 18.

> reviewing Court-generated notices; scheduling
> dates and deadlines; calendering dates and
> deadlines; notifying a client of dates and
> deadlines; preparing documents for filing with
> the Court; filing documents with the Court;
> informing a client that a document has been
> filed; personally delivering documents; bates
> stamping and other labeling of documents;
> maintaining and pulling files; copying,
> printing, and scanning documents; receiving,
> downloading, and emailing documents; and
> communicating with Court staff.

<u>Hawaii Motorsports Inv., Inc. v. Clayton Grp. Servs., Inc.</u>, Civ

No. 09-00304 SOM-BMK, 2010 WL 4974867, *5 (D. Haw. Dec. 1,

2010), adopted by 2010 WL 5395669 (D. Haw. Dec. 22, 2010).

Here, counsel billed for clerical tasks such as

reviewing court notices; communicating with the court;

scheduling dates and deadlines; and copying and filing

documents.  ECF No. 342-10.  The Court has carefully reviewed

counsel's time entries and finds that the following deductions

are appropriate for clerical or ministerial tasks:  4.9 hours of

Ms. Gardner's time[8]; 1.8 hours of Mr. Lautenbach's time[9]; 0.7

hours of Ms. Miller's time[10]; and 15.4 hours of Mr. Johnson's

time.[11]  The Court further finds that a significant portion of

---

[8] Ms. Gardner's clerical task entries were on 3/11/15 and 4/16/17.  <u>See</u> ECF No. 342-10 at 14, 26.

[9] Mr. Lautenbach's clerical task entries were on 3/2/16, 11/30/16, and 4/25/17.  <u>Id.</u> at 22-23, 29.

[10] Ms. Miller's clerical task entry was on 4/11/17.  <u>Id.</u> at 24.

[11] Mr. Johnson's clerical task entries were on 4/11/17, 4/18/17, 4/19/17, 4/25/17, 4/27/17, 4/28/17, 5/1/17, 5/2/17,

Ms. Spradlin's time was spent on clerical or ministerial tasks. Id. As such, the Court finds it reasonable to reduce Ms. Spradlin's remaining hours by fifty percent, or 74.35 hours.[12]

### v.  Excessive and Unnecessary Time

The Court may deduct time requested that is "excessive, redundant, or otherwise unnecessary." Gates, 987 F.2d at 1397 (quoting Hensley, 461 U.S. at 433-34). Plaintiff argues that it is excessive for Defendants to have three attorneys attend trial. ECF No. 352 at 13. The Court agrees. Two attorneys may recover fees for their appearances at court proceedings when it is reasonable and necessary for a "second chair" to appear with lead counsel. Ko Olina, 2011 WL 1235548, at *12. Although the Court finds that it was reasonable for Mr. Lautenbach and Ms. Lovejoy to appear at trial, the Court finds that the time requested by Ms. Miller to attend is excessive. The Court deducts 3.4 hours from Ms. Miller's requested time.[13]

Plaintiff also challenges the reasonableness of the time requested by Defendants' counsel regarding the deposition

---

5/3/17, and 5/4/17.  Id. at 24-28.

[12] Ms. Spradlin's clerical task entries were on 11/2/15, 11/6/15, 2/16/16, 2/17/16, 2/25/16, 2/16/16, 3/1/16, 3/2/16, 3/3/16, 3/4/16, 3/7/16, 3/8/16, 3/10/16, 3/11/16, 3/14/16, 3/24/16, 5/19/16, 10/28/16, 11/3/16, 11/4/16, 3/20/17/, 3/28/17, 4/3/17, 4/5/17, 4/7/17, 4/11/17, 4/13/17, 4/17/17, 4/18/17, 4/19/17, 4/20/17, 4/21/17, 4/25/17, 4/26/17, 4/27/17, 4/28/17, 4/30/17, 5/1/17, 5/2/17, 5/3/17, and 5/4/17.  Id. at 4, 9, 19-28.

[13] Ms. Miller's entry for attendance of trial proceedings was on 5/2/17.  See ECF No. 342-10 at 27.

16

of Ms. Du Preez.  ECF No. 352 at 12-13.  The Court agrees in part and finds that Mr. Lautenbach's 6.4 hours of review and drafting of a deposition summary of a seven-hour deposition was excessive.  The Court therefore deducts 5.4 hours from Mr. Lautenbach's time.[14]

Additionally, the Court notes that there are a number of instances where it appears that entries were doubly submitted.  For example, the following three entries appear twice in a row with the same dates, hours, and attorneys:

| DATE | ATTORNEY | TIME | DESCRIPTION |
|------|----------|------|-------------|
| 4/30/15 | Mr. Lee | 3.30 | Review/analyze opposition to motion to dismiss second amended complaint and strategize concerning reply thereto. |
| 5/1/15 | Mr. Lee | 5.50 | Draft/revise reply in support of motion to dismiss amended copmlaint. |
| 5/1/15 | Mr. Lautenbach | 0.40 | Edit reply in support of motion to dismiss second amended complaint. |
|  |  |  |  |
| 4/30/15 | Mr. Lee | 3.30 | Review/analyze opposition to motion to dismiss second amended complaint and strategize concerning reply thereto. |
| 5/1/15 | Mr. Lee | 5.50 | Draft/revise reply in support of motion to dismiss amended copmlaint. |

---

[14] Mr. Lautenbach's excessive entries were on 6/11/15, 6/16/15, 6/26/15, 8/13/15, 8/31/15, 9/2/15, and 9/15/15.  Id. at 11.

| 5/1/15 | Mr. Lautenbach | 0.40 | Edit reply in support of motion to dismiss second amended complaint. |
|--------|----------------|------|----------------------------------------------------------------------|

ECF No. 342-10 at 14.  The Court deducts these double entries as
follows: 9.8 hours from Mr. Lee's time[15]; 13.1 hours from Mr.
Lautenbach's time[16]; and 1.1 hours from Ms. Lovejoy's time.[17]

### c.   Total Lodestar Calculation

Based on the foregoing, the Court finds that
Defendants have established the appropriateness of an award of
attorneys' fees as follows:

| NAME | RATE | HOURS | TOTAL |
|------|------|-------|-------|
| Terence O'Toole, Esq. | $400.00 | 26.40[18] | $10,560.00 |
| Mark J. Bennett, Esq. | $400.00 | 33.80 | $13,520.00 |
| Andrew Lautenbach, Esq. | $275.00 | 554.80[19] | $152,570.00 |
| Lane Hornfeck, Esq. | $275.00 | 27.40 | $7,535.00 |

---

[15] Double entries for Mr. Lee were made on 4/30/15, 5/1/15
and 10/2/15.  See ECF No. 342-10 at 14, 17.

[16] Double entries for Mr. Lautenbach were made on 5/1/15,
11/5/15, 2/3/16, 2/5/16, and 2/8/16.  Id. at 14, 18, 20.

[17] Double entries for Ms. Lovejoy were made on 2/4/16.  Id.
at 18.

[18] 27.40 hours requested - 1.0 hour for inadequate
descriptions of review of filings = 26.40 hours.

[19] 582.30 hours requested - 0.5 hours for duplicative
billing for meetings with co-counsel - 1.1 hours for inadequate
descriptions - 5.6 hours for unspecified telephone conferences -
1.8 hours for clerical tasks - 5.4 hours for excessive time -
13.1 hours for double entries = 554.80 hours.

| | | | |
|---|---|---|---|
| Sharon V. Lovejoy, Esq. | $250/$275 | 58.10[20] | $15,488.50 |
| Orian Lee, Esq. | $250.00 | 160.30[21] | $40,075.00 |
| Lindsay Orman, Esq. | $175.00 | 8.90[22] | $1,557.50 |
| Maile S. Miller, Esq. | $130.00 | 112.20[23] | $14,586.00 |
| Danielle Kiyabu, Esq. | $175.00 | 50.80[24] | $8,890.00 |
| Kukui Claydon, law clerk | $100.00 | 9.20 | $920.00 |
| Connie Gardner, paralegal | $85.00 | 21.50[25] | $1,827.50 |
| Elton Johnson, paralegal | $85.00 | .40[26] | $34.00 |
| Gayla Evora, paralegal | $85.00 | .40 | $34.00 |
| Elizabeth Spradlin, paralegal | $60.00 | 74.35[27] | $4,461.00 |
| | | **TOTAL** | **$272,058.50** |

In total, the Court finds that Defendants' reasonable attorneys'
fees are $272,058.50.

---

[20] 79.70 hours requested - 20.5 hours for inadequate
descriptions - 1.1 hours for double entries = 58.10 hours.

[21] 170.10 hours requested - 9.8 hours for double entries =
160.30 hours.

[22] 9.10 hours requested - 0.2 hours for duplicative billing
for meeting with co-counsel = 8.90 hours.

[23] 116.50 hours requested  - 0.2 hours for duplicative
billing for meeting with co-counsel - 0.7 hours for clerical
tasks - 3.4 hours for excessive time = 112.20 hours.

[24] 50.90 hours requested - 0.1 hours for duplicative billing
for meeting with co-counsel = 50.80 hours.

[25] 26.40 hours requested - 4.9 hours for clerical tasks =
21.50 hours.

[26] 15.80 hours requested - 15.4 hours for clerical tasks =
0.40 hours.

[27] 148.90 hours requested - 0.2 hours for inadequate
descriptions - 74.35 hours for clerical tasks = 74.35 hours.

### 2.   Non-Taxable Costs

Defendant also seeks an award of non-taxable costs. ECF No. 342-1 at 17-18.  Although Section 607-14 does not expressly authorize an award of non-taxable costs in addition to attorneys' fees, Hawaii courts have awarded non-taxable costs pursuant to Section 607-14.  See Ko Olina, 2011 WL 1235548, at *14 (citing Fought & Co., Inc. v. Steel Eng'g & Erection, Inc., 951 P.2d 487, 502 (Haw. 1998)). Here, Defendants seek to recover $1,530.75 for the following costs:

| | |
|---|---|
| 1. Department of Commerce and Consumer Affairs Copies | $457.75 |
| 2. Postage | $266.49 |
| 3. Messengers/Couriers | $313.10 |
| 4. Video Conferencing for Trial Testimony | $190.00 |
| 5. Trial Demonstrative | $188.48 |
| 6. PACER Charges | $7.60 |
| 7. Telephone Conference Calls | $107.33 |
| **TOTAL** | **$1,530.75** |

See ECF No. 342-1 at 17, 18.  Based on its review of Defendants' request, the Court FINDS that these costs were reasonably incurred in this litigation and RECOMMENDS that the court award non-taxable costs in the amount of $1,530.75.

### D . Twenty-Five Percent Limitation

Section 607-14 limits the award of attorneys' fees to twenty-five percent of the amount sued for if judgment is

obtained by the defendant.  Haw. Rev. Stat. § 607-14.

Defendants state that the amount sued for in this case is

$1,137,500, which is the amount demanded by Plaintiff at trial.

See ECF No. 342-1 at 18.  Plaintiff contends that this is an

improper measure of the amount involved because there was no

hard evidence to support this figure.  See ECF No. 352 at 8-9.

However, Plaintiff's own counsel calculated this number before

the jury, insisting it was "a fair and reasonable compensation."

ECF 342-24 at 46.  Further, the Hawaii Supreme Court has

determined that the amount requested by counsel at trial is

sufficient to show the amount sued for under Section 607-14.

See Kamaka v. Goodsill Anderson Quinn & Stifel, 176 P.3d 91, 123

(Haw. 2008) (upholding an award of fees of 25% of $1,456,617,

which was the amount that the plaintiff's counsel requested

during closing arguments).  Here, Plaintiff requested $1,137,500

in damages from the jury at trial.  ECF 342-24 at 46.  As such,

the Court FINDS that $1,137,500 is the "amount sued for" for

purposes of Section 607-14.  The recommended award of

$273,589.25 in attorneys' fees and non-taxable costs is less

than twenty-five percent of $1,137,500.  Accordingly, the Court

RECOMMENDS that Defendants be awarded $273,589.25 in attorneys'

fees and non-taxable costs.

**E.   Taxable Costs**

        In her Opposition, Plaintiff raises issues with

21

specific costs taxed by the Clerk.  <u>See</u> ECF No. 352 at 5-8.
Pursuant to Local Rule 54.2, Plaintiff was required to file any
objection to the Bill of Costs within seven days after it was
served, or by August 17, 2017.  <u>See</u> Local Rule 54.2(d).  Local
Rule 54.2 also provides that "when no timely objection has been
filed, the clerk may tax all of the requested costs on fourteen
(14) days' notice."  <u>Id.</u>  As noted above, Defendants filed their
Bill of Costs on August 10, 2017.  <u>See</u> ECF No. 341.  Plaintiff
did not file an objection.  Accordingly, all of the requested
costs were taxed on August 28, 2017.  ECF. No. 345.  Local Rule
54.2 allows review of taxation of costs upon motion filed within
seven days after taxation, in accordance with Federal Rule of
Civil Procedure 54(d)(1).  <u>See</u> Local Rule 54.2(e).  Although
Plaintiff did not file a motion as required, the Court will
consider Plaintiff's objections to Defendants' Bill of Costs
presented in her Opposition.

     The costs that the court is authorized to tax under
Rule 54(d)(1) are enumerated at 28 U.S.C. Section 1920:

       1. Fees of the clerk and marshal;

       2. Fees of the court reporter for all or any
       part of the stenographic transcript
       necessarily obtained for use in the case;

       3. Fees and disbursements for printing and
       witnesses;

       4. Fees for exemplification and copies of
       papers necessarily obtained for use in the
       case;

> 5. Docket fees under section 1923 of this
> title;
>
> 6. Compensation of court appointed experts,
> compensation of interpreters, and salaries,
> fees, expenses, and costs of special
> interpretation services under section 1828
> of this title.

28 U.S.C. § 1920. Plaintiff challenges three categories of

costs as detailed below. See ECF No. 352 at 5-8.

### 1.    Travel Costs For Five Witnesses

First, Plaintiff asserts that the costs requested by

Defendants for five witnesses to appear at trial was unnecessary

and excessive. See ECF No. 352 at 5-6. After reviewing the

information provided by the parties, the Court finds that the

travel costs for Defendants' witnesses to appear and testify at

trial was reasonable. See LR 54.2(f)(3); 28 U.S.C. § 1821.

### 2.    Deposition Transcript Costs

Second, Plaintiff asserts that the costs requested by

Defendants for deposition transcript fees should be denied. ECF

No. 352 at 7. Local Rule 54.2(f)(2) provides that "the cost of

a stenographic and/or video original and one copy of any

deposition transcript necessarily obtained for use in the case

is allowable." Local Rule 54.2 further states that the

deposition need not be used at trial or introduced in evidence,

but only that at the time it was taken "it could reasonably be

expected that the deposition would be used for trial

23

preparation, rather than mere discovery." LR 54.2(f)(2).  After
reviewing the information provided by the parties, the Court
finds that the deposition transcripts were necessarily obtained
for use in this case.

### 3.  Daily Trial Transcript Costs

Finally, Plaintiff argues that the costs requested for
daily trial transcripts are improper.  ECF No. 352 at 7-8.
Defendants state that the need for next-day trial transcripts
was reasonable so that statements and testimony made during
trial could be accurately used during closing arguments.  See
ECF No. 341-1 at 5.  The Court finds that the daily trial
transcripts were necessarily obtained for use in this case.  See
LR 54.2.

### CONCLUSION

The Court FINDS and RECOMMENDS that Defendants' Motion
for an Award of Attorneys' Fees and Non-Taxable Costs be GRANTED
IN PART and DENIED IN PART.  The Court RECOMMENDS that the court
AWARD Defendant $273,589.25 in attorneys' fees and non-taxable
costs and DENY Plaintiff's objections to Defendants' Bill of
Costs.

IT IS SO FOUND AND RECOMMENDED.

24

DATED AT HONOLULU, HAWAII, OCTOBER 18, 2017.



_____
Richard L. Puglisi
United States Magistrate Judge

__DU PREEZ V. BANIS, ET AL.__; CIVIL NO. 14-00171 LEK-RLP; FINDINGS AND
RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANTS' MOTION
FOR AN AWARD OF ATTORNEYS' FEES AND NON-TAXABLE COSTS